IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

EDDIE JACKSON,

Plaintiff,                                                       CASE NO.:

v.

OCWEN LOAN SERVICING, LLC,

Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff, EDDIE JACKSON, by and through the undersigned counsel, and sues Defendant, OCWEN LOAN SERVICING, LLC, and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like OCWEN LOAN SERVICING, LLC from invading American citizen's privacy and to prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner

at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242, 1256 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015).

## JURISDICTION AND VENUE

5. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

6. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

7. The alleged violations described herein occurred in Shelby County, Tennessee. Accordingly, venue is appropriate with this Court under 28 U.S.C.

§1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person, and citizen of the State of Tennessee, residing in Shelby County, Tennessee.

9. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10. Defendant, OCWEN LOAN SERVICING, LLC, is a corporation which was formed in Delaware with its principal place of business located at 1661 Worthington Road, Suite 100, West Palm Beach, Florida, 33409 and which conducts business in the State of Tennessee through its registered agent, Corporation Service Company, located at 2908 Poston Avenue, Nashville, Tennessee 37203.

11. In or about September, 2015, Plaintiff revoked his consent to be called by Ocwen Loan Servicing by requesting that the calls stop. Specifically stating, "I have sent you your payment. I am not late on my payment, stop calling me!" Each call Ocwen Loan Servicing made to Plaintiff's cell phone after said revocation was done so without the "expressed permission" of the Plaintiff and in violation of the TCPA.

12. Plaintiff estimates approximately one hundred (100) calls to his cell phone post-revocation.

13. The autodialer calls from Defendant came from telephone numbers including, but not limited to (800) 746-2936 and when that number is called a pre-

recorded voice or agent answers and identifies the number as belonging to Ocwen Loan Servicing.

14. Defendant knowingly and willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number up to four (4) times a day from approximately September 2015 through the filling of this complaint, with such frequency as can reasonably be expected to harass, all in an effort related to collection of the subject account.

15. OCWEN LOAN SERVICING, LLC called Plaintiff approximately one hundred (100) times since revocation in or around September 2015, in an attempt to collect a debt.

16. Upon information and belief, some or all of the calls OCWEN LOAN SERVICING, LLC made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including, but not limited to, a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that he knew it was an autodialer because of the vast number of calls he received and because he heard a pause when he answered his phone before a voice came on the line from OCWEN LOAN SERVICING, LLC.

17. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (901) ***-4711 and was the called party and recipient of Defendant's calls.

18. In approximately September, 2015, OCWEN LOAN SERVICING, LLC began bombarding Plaintiff's cellular telephone (901) ***-4711 in an attempt to collect on a mortgage loan.

19. OCWEN LOAN SERVICING, LLC has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to call individuals just as they did to Plaintiff's cellular telephone in this case.

20. OCWEN LOAN SERVICING, LLC has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or OCWEN LOAN SERVICING, LLC, to remove the number.

21. OCWEN LOAN SERVICING, LLC's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to OCWEN LOAN SERVICING, LLC they do not wish to be called.

22. OCWEN LOAN SERVICING, LLC has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

23. OCWEN LOAN SERVICING, LLC has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

24. OCWEN LOAN SERVICING, LLC has had numerous complaints against it from consumers across the country asking to not be called, however Defendant continues to call these individuals.

25. OCWEN LOAN SERVICING, LLC's corporate policy provided no means for Plaintiff to have Plaintiff's number removed from OCWEN LOAN SERVICING, LLC call list.

26. OCWEN LOAN SERVICING, LLC has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

27. Not one of OCWEN LOAN SERVICING, LLC's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

28. OCWEN LOAN SERVICING, LLC willfully and knowingly violated the TCPA with respect to Plaintiff.

29. From each and every call placed without express consent by OCWEN LOAN SERVICING, LLC to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

30. From each and every call without express consent placed by OCWEN LOAN SERVICING, LLC to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of his cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from OCWEN LOAN SERVICING, LLC call.

31. From each and every call placed without express consent by OCWEN LOAN SERVICING, LLC to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of his time. For calls he answered, the time he spent on the call was unnecessary as he repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications

and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

32. Each and every call placed without express consent by OCWEN LOAN SERVICING, LLC to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

33. Each and every call placed without express consent by OCWEN LOAN SERVICING, LLC to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

34. Each and every call placed without express consent by OCWEN LOAN SERVICING, LLC to Plaintiff's cell phone where a voice message was left which occupied space in Plaintiff's phone or network.

35. Each and every call placed without express consent by OCWEN LOAN SERVICING, LLC to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely his cellular phone and his cellular phone services.

36. As a result of the answered and unanswered calls described above, Plaintiff suffered an invasion of privacy; Plaintiff was also affected in a personal and

individualized way by stress, anxiety, nervousness, embarrassment, distress and aggravation. Due to both answered and unanswered calls, Plaintiff suffered the expenditure of Plaintiff's time, exhaustion of Plaintiff's cellular telephone battery, unavailability of Plaintiff's cellular telephone while ringing, waste of Plaintiff's time, causing risk of personal injury due to distraction and trespass upon Plaintiff's chattels. All of the abovementioned were caused by, and directly related to, Defendant's attempts to collect a debt from the Plaintiff through the use of automated/predictive dialing technology.

## COUNT I
### (Violation of the TCPA)

37. Plaintiff fully incorporates and realleges paragraphs one (1) through thirty-six (36) as if fully set forth herein.

38. OCWEN LOAN SERVICING, LLC willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified OCWEN LOAN SERVICING, LLC that Plaintiff wished for the calls to stop

39. OCWEN LOAN SERVICING, LLC repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against OCWEN LOAN SERVICING, LLC for statutory damages,

punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/Mark Lambert, Esquire*
Mark Lambert, Esquire
BPR #: 22509
Morgan & Morgan
1 Commerce Square, 26th Floor
Memphis, TN 38103
T: (901) 217-7000
F: (901) 333-1897
MLambert@forthepeople.com
Attorney for Plaintiff


*/s/ Amy Ferrera*
Amy Ferrera,
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
Florida Bar #: 15313
Attorney for Plaintiff